Dear Mr. Odinet:
You have requested an opinion from our office on the following questions:
 1) Does an appointed board member, for the Lake Catherine Sewage and Water District, have personal liability for any actions or inactions in the legal performance of board business?
 2) Does the State furnish legal representation to appointed members of the board?
In answer to your first question, the Lake Catherine Sewage and Water District, as a political subdivision of the state, is liable for any actions or inactions of a Board member conducted within the course and scope of their official duties. LSA-C.C. Art. 2320, which governs employee liability, clearly states: "employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." Conversely, board members are only personally liable for actions or inactions that occur outside the course and scope of their employment or were a result of gross negligence or an intentional wrongful act. LSA-C.C. Art. 2320.
Because the liability of the State of Louisiana is limited by LSA-R.S.42:1441, public officers of a political subdivision are mandated under LSA-R.S. 42:1441.2 to acquire general liability insurance on themselves and their officers, agents, and employees. This will cover the Board for those actions or inactions performed within the course and scope of their employment.
In answer to your second question, the Attorney General is obligated to furnish legal representation to "covered individuals" who are indemnified by the State of Louisiana. A "covered individual" does not include an "official, officer, or employee of a municipality, ward, parish, special district, including without limitation a levee district, school board, parish law enforcement district, or any other political subdivision or local authority." LSA-R.S. 13:5108.1. Act 1203 has established the Lake Catherine Sewage and Water District as a "political subdivision" of the state, thus establishing that its board members, as officers and employees, are not "covered individuals" and would not receive representation by the Attorney General's office.
For further information on these issues please see Louisiana Attorney General opinion No. 98-248. Although not exactly on point, this opinion deals with the liability of board members from a different "political subdivision" and the responsibilities of the Attorney General in representing them.
If this does not sufficiently answer your questions, please do not hesitate to contact our office for further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB:mjb
Date Released: August 1, 2002
OPINION NUMBER 98-248
AUGUST 25, 1998
LSA-R.S. 13:5108.2 LSA-R.S. 33:2740.35
LSA-R.S. 44:1441 LSA-R.S. 42:1441.3
LSA-R.S. 42:261 LSA-R.S. 49:257
LSA-R.S. 49:258
The Lakeview Crime Prevention District is generally liable for the actions of its Board members conducted within their official capacities unless those actions were committed willfully or with gross negligence. The Attorney General is not mandated to provide legal representation to the District or its Board members.
Mr. Charles P. Ciaccio President for the Board of Commissioners of the Lakeview Crime Prevention District P.O. Box 80036 New Orleans, LA 70184-0036
Dear Mr. Ciaccio:
Pursuant to Resolutions 98-1 and 98-2 of the Board of Commissioners (the "Board"), for the Lakeview Crime Prevention District (the "District"), you have requested an opinion from our office concerning the following issues:
 (1) Whether the Board members are immune from individual liability for any act or omission resulting in damage or injury while acting as a member of the Board;
 (2) Whether the Attorney General has a duty to defend the District and/or its Board in any claims brought against it/them;
 (3) Whether the Attorney General has a duty to defend the Board members individually against any claims brought against them arising out of their acts or omissions as members of the Board.
In answer to your first question, the District is liable for the actions of a Board member conducted within the course and scope of his or her duties. However, federal jurisprudence does provide immunity to an officer who, in good faith, believes that his actions are within the scope of his duties. This notwithstanding, a Board member will be individually liable for those actions which occur outside the scope of his employment or were the result of an intentional wrongful act or gross negligence by that member. 42 U.S.C. § 1983.
Note also that a pertinent limitation on the liability of the State of Louisiana is provided by LSA-R.S. 42:1441, which states:
 A. The state of Louisiana shall not be liable for any damage caused by a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision within the course and scope of his official duties, or damage caused by an employee of a district attorney, coroner, assessor, sheriff, clerk of court, or public officer of a political subdivision.
 B. The provisions of Subsection A hereof are not intended to and shall not be construed to affect any personal liability which may arise from damage caused by any public officer of a political subdivision, or by a district attorney, coroner, assessor, sheriff, clerk of court, or the employee of any such public officer, nor shall the provisions of said Subsection A be construed to amend or repeal R.S. 13:5108.1.
 C. For the purposes of this Section, "political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.
In fact, public officers are mandated under LSA-R.S. 42:1441.3 to acquire general liability insurance on themselves and their officers, agents, and employees. This generally ensures coverage for official actions done within the course and scope of one's public position.
Your second and third questions concern whether the Attorney General is mandated to provide legal representation to the District and/or its Board members. The Attorney General is statutorily obligated to provide legal representation to certain state agencies, including state boards and commissions. LSA-R.S. 49:257, 42:261.
LSA-R.S. 33:2740.35 establishes the Lakeview Crime Prevention District and designates it as a political subdivision of the state.
For purposes of legal representation, "state agency" is defined as, "any department, board commission, agency, office, special district, authority, or other entity of the state, but does not include the Public Service Commission or the State Bond Commission or any political subdivision of the state, as defined by Article VI of the Constitution of Louisiana, or any entity of such political subdivision". LSA-R.S. 49:258.
Moreover, LSA-R.S. 13:5108.2, which provides for the indemnification of officials, officers, and employees of the state and representation by the attorney general, clearly excludes an official, officer, or employer of a political subdivision from its application.
Therefore, the Attorney General does not have a duty to provide legal representation to the District. This conclusion extends to the District's Board members.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb